**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAIRY EMPLOYEES UNION LOCAL NO 17, Christian Labor Association of the United States of America Pension Trust and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION, No Local 17 Christian Labor Association of the United States of America Pension Trust, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> ROBERT VANDER EYK DAIRY, <br><br> Defendant - Appellant. | No. 13-57143 <br><br> D.C. No. 2:12-cv-04545-DSF-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 5, 2016
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CALLAHAN and N.R. SMITH, Circuit Judges, and RAKOFF,[**] Senior District Judge.

Robert Vander Eyk Dairy ("Dairy") appeals from the district court's grant of summary judgment determining that Dairy owed withdrawal liability to Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust ("Pension Trust"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dairy waived its right to contest withdrawal liability in federal court by failing to arbitrate. *Teamsters Pension Tr. Fund v. Allyn Trans. Co.*, 832 F.2d 502, 505–06 (9th Cir. 1987) ("[T]he statute states unambiguously that '*[a]ny* dispute between an employer and the plan sponsor . . . concerning a determination [of withdrawal liability] . . . shall be resolved through arbitration' (29 U.S.C. § 1401(a)(1)), and Congress clearly intended exactly what those words import." (emphasis and second alteration in original)). "The arbitration clause constitutes an exhaustion of administrative remedies requirement." *Bd. of Trs. of Const. Laborers' Pension Tr. for S. Cal. v. M.M. Sundt Const. Co.*, 37 F.3d 1419, 1420 (9th Cir. 1994) (per curiam). "Exceptions to exhaustion requirements are usually limited, and apply only in extraordinary circumstances, such as, when the arbitral

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

-2-

process would be futile or would cause the plaintiff irreparable injury." *Id.* at 1421. Dairy has not shown that proceeding to arbitration under the allegedly unconscionable arbitration provision in the Trust Agreement would render the arbitral process futile or cause Dairy irreparable injury.

We reject Dairy's argument that its challenge to the arbitration provision tolled the time for seeking arbitration. We do not address the exceptions to arbitration permitted in other circuits because Dairy failed to argue them. To the extent Dairy argued in its Reply Brief and at oral argument that it is not an employer under ERISA, Dairy waived the argument by not raising it in its Opening Brief and by treating Pension Trust's description of Dairy as an "employer . . . within the meaning of . . . 29 U.S.C. § 1002(5)" as undisputed. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**AFFIRMED.**